United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ELLIS JOHNSON,
    Plaintiff,

v.

VERITAS INVESTMENT INC, et al.,
    Defendants.

Case No. 23-cv-05190-AMO

**ORDER OF DISMISSAL**

Re: Dkt. No. 8

Defendants Veritas Investment Inc, GreenTree Property Management, Inc. ("GreenTree"), Jessica Castorena, and Ehsan Panah move to dismiss the complaint filed by pro se Plaintiff James Ellis Johnson. Johnson opposes dismissal. ECF 13. Having considered all the papers filed by the parties, the Court GRANTS Defendants' motion to dismiss.

**BACKGROUND**

The Complaint makes the following allegations, which the Court accepts as true for purposes of considering this facial challenge to subject matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

This case arises from a series of attacks on Johnson in his San Francisco apartment. Defendants caused Johnson physical and emotional injury by: (1) illegally entering his apartment; (2) removing sound proofing from his apartment; (3) attempting to poison him in his apartment; (4) attacking him in his sleep in his apartment; and (5) slandering him. Compl. ¶¶ 6-15.

On his form complaint, Johnson checked the box for federal question jurisdiction, and he states the following federal laws or rights are involved: "Negligence liability, Accessories before the facts, to assault, Battery Attempted Murder, Slander, Defamation, Illegal Entree into my Home." Compl. ¶ 3 (ECF 1 at 2, original text quoted as received). Johnson did not check the box

to allege the case belongs in federal court under diversity jurisdiction. *Id.*

## DISCUSSION

Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that this Court lack the authority to consider Johnson's Complaint because he has failed to allege a cause of action created by federal law or that his Complaint requires resolution of a substantial question of federal law. ECF 9 at 2. Plaintiff opposes the motion. ECF 13.

Federal courts, as courts of limited jurisdiction, have subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (noting that a case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" (citations omitted)).

Here, the Complaint does not raise a colorable federal claim. Johnson alleges physical and emotional harm arising out of violations of state common law and state statutes. The only reference to federal law is a potential violation of Title 15 U.S.C. § 1681, the Fair Credit Reporting Act, cited in the first cause of action along with torts and negligence. *See* ECF 1 at 6. Title 15 U.S.C. § 1681o provides a cause of action against persons or entities who negligently fail to comply with the requirements of the Fair Credit Reporting Act. However, Johnson fails to allege any negligent non-compliance with the federal statute because the Complaint makes no reference to credit reporting. Johnson alleges instead that Defendants were negligent because "They failed to do anything to stop the attack on Plaintiff on there [sic] property." ECF 1 at 6. Johnson's allegations do not articulate a violation of federal law. Because no colorable federal claim is asserted, this Court lacks federal question jurisdiction.

Johnson does not argue that the Court has subject matter jurisdiction based on diversity grounds, but such jurisdiction is also missing. Diversity jurisdiction requires that the lawsuit is between citizens of different states and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The plaintiff bears the burden of pleading and proving the facts to establish diversity jurisdiction, which "must be affirmatively alleged in the pleadings." *Bautista v. Pan*

2

*American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987) (quoting *In re Mexico City Aircrash*, 708 F.2d 400, 404 n.4 (9th Cir.1983)).

Here, there is no diversity jurisdiction because all parties appear to be citizens of California. Johnson resides in San Francisco, California. Compl. ¶ 1. Defendants Veritas Investments, Inc., and GreenTree Property Management, Inc., are both California-based corporations. Compl. ¶ 2. Additionally, Defendant Jessica Castorena and Defendant Ehsan Panah are both domiciled in the state of California. Compl. ¶ 2. The Complaint lists California addresses for all Defendants. The Court thus lacks subject matter jurisdiction based on diversity as well.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss for lack of subject matter jurisdiction. The Court hereby DISMISSES the Complaint WITHOUT PREJUDICE. Johnson may file an amended complaint on or before February 26, 2024. If Johnson chooses to file an amended complaint, he must allege violation of federal law or provide facts to establish diversity jurisdiction as to these Defendants. No additional defendants may be added to the amended complaint without leave of Court.

The Court encourages Johnson to consult with the Justice & Diversity Center of the Bar Association of San Francisco's Legal Help Center for assistance. Appointments can be made by calling (415) 782-8982 or emailing fedpro@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation. More information is available at https://www.cand.uscourts.gov/about/court-programs/legal-help-desks/. Johnson may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, available in person at the Clerk's Office and online at the website listed above.

**IT IS SO ORDERED.**

Dated: January 26, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**