UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>VERITAS INVESTMENT INC, et al.,<br><br>Defendants. | Case No. 23-cv-05190-AMO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 20 |

Before the Court is Defendants' motion to dismiss the First Amended Complaint ("FAC") for lack of subject matter jurisdiction. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Defendants' motion, for the following reasons.

Plaintiff filed the FAC on March 28, 2024, after the Court's dismissal of his original Complaint. *See* FAC (ECF 19). Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing anew that this Court lacks the authority to consider the FAC Complaint because Plaintiff has failed to allege a cause of action created by federal law or that the FAC requires resolution of a substantial question of federal law. *See* ECF 20. Plaintiff opposes the motion. ECF 23.

As the Court stated in its previous Order, federal courts, as courts of limited jurisdiction, have subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (noting that a case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" (citations omitted)).

The Court dismissed Plaintiff's original Complaint for lack of subject matter jurisdiction, noting that Plaintiff failed to allege either federal question jurisdiction or diversity jurisdiction. Order (ECF 15) at 2-3. To address this jurisdictional defect, Plaintiff adds "Discrimination" to his allegations describing the federal laws or rights involved in this case, along with "Definition [sic], Tort of Negligence, Tort of Liability, Accessories before the fact to Assault, Battery, Attempted Murder, Burglary." FAC ¶ 3.[1] Plaintiff proceeds to cite Title 31 U.S.C. § 6711 as a basis for his federal discrimination claim. FAC at 10 (ECF 19 at 12). That statute provides, "No person in the United States shall be excluded from participating in, be denied the benefits of, or be subject to discrimination under, a program or activity of a unit of general local government because of race, color, national origin, or sex if the government receives a payment under this chapter." 31 U.S.C. § 6711(a). A plain reading of the statute demonstrates that it cannot apply in this case because all Defendants are private parties and Plaintiff does not name a local government as a defendant. Accordingly, Plaintiff has again failed to invoke the Court's jurisdiction over the named Defendants.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires . . . and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation and internal quotation marks omitted). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted). Here, the Court concluded that it lacks subject-matter jurisdiction over this action. It does not appear that Plaintiff could cure this deficiency by submitting an amended complaint. Moreover, Plaintiff has previously been granted leave to amend to no avail. Thus, the Court finds that granting further leave to amend would prove futile and accordingly declines to permit another amended complaint.

//

//

---

[1] Plaintiff makes no claim to alternatively establish federal subject matter jurisdiction via diversity. *See* FAC ¶ 3 (diversity jurisdiction box left unchecked).

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction. The Court hereby **DISMISSES** the action without leave to amend. The Clerk of Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: February 3, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3